UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERICK WEWERKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV1973 RWS |
| | ) |
| DON ROPER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1036447), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.64. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.22, and an average monthly balance of $1.89. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.64, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Don Roper (Superintendent); Unknown Huffman (correctional officer); Unknown West (correctional officer); Unknown Martin (correctional officer); Unknown Clubbs (correctional officer); Unknown Delasmit (correctional officer); inmate Carl Taylor; inmate Willie Williams; Lisa Roberts (nurse); Sandra Beedle (nurse); Dale Persch (investigator); Carl Omer (Assistant Superintendent); and Unknown Malloy (Functional Unit Manager).

Plaintiff claims that he was raped by inmates Carl Taylor and Willie Williams. He asserts that after being raped by inmate Williams, defendant Persch told him that he should drop the complaint if he wanted to receive a transfer to another facility closer to his family. Plaintiff claims that when he was raped by defendant Taylor, "the investigation was falsified to cover the 2 house guards that were working at the time." Plaintiff asserts that he was also sexually assaulted by defendant West, while he was handcuffed, in retaliation for refusing to "fight another inmate for him."

Plaintiff claims that nurses Beedle and Roberts forcibly medicated him without his consent. Plaintiff asserts that when he refused to consent to the medication he was punished by being "put in the hole." Plaintiff alleges that when he filed grievances against Beedle and Roberts, defendant Omer dismissed the grievances and unlawfully

refused to undertake a full investigation into the matter even though he knew about the alleged unlawful conduct.

Plaintiff claims that he was subjected to excessive force by defendants Clubbs and Huffman, maced while he was shackled, and wrongfully placed in administrative segregation for "saying a cuss word." Plaintiff asserts that defendant Clubbs is a member of the "Triple C Mafia" - or a group of guards who regularly threaten and abuse prisoners at Potosi Correctional Center. Plaintiff claims that defendants Omer, Malloy and Roper know about these retaliatory and unlawful actions by the guards but refuse to intervene or correct the correctional officers' behavior.

With the exception of plaintiff's claims against inmates Carl Taylor and Willie Williams, who are not state actors and cannot be sued under § 1983, plaintiff's allegations survive initial review under 28 U.S.C. § 1915. As such, the Court will dismiss the claims against inmates Taylor and Williams and order the Clerk to issue process on the remaining defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.64 within thirty (30) days of the date of this Order. Plaintiff is instructed to

make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Roper, Huffman, West, Martin, Clubbs, Delasmit, Roberts, Beedle, Persch, Omer, and Malloy.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Roper, Huffman, West, Martin, Clubbs, Delasmit, Roberts, Beedle, Persch, Omer, and Malloy shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Taylor and Williams, because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of March, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE