UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERICK WEWERKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1973 CDP |
| ) | |
| DON ROPER, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Derick Wewerka, an inmate at Potosi Correctional Center filed this *pro se* action under 42 U.S.C. § 1983, alleging defendants violated his civil rights. In particular, he claims defendants, who are prison employees and medical staff, physically and sexually assaulted him, attempted to persuade him not to file claims, failed to investigate his claims, and failed to provide him with medical treatment. Defendants have filed motions to dismiss or, in the alternative, for summary judgment, submitting evidence that Wewerka failed to exhaust his administrative remedies before filing this lawsuit. Because the undisputed evidence reveals that Wewerka has failed to exhaust available administrative remedies, I must grant their motions. Additionally, I conclude that I must dismiss his complaint without prejudice because he has filed to pay his Court-ordered

initial filing fee, and because he fails to state a claim against the remaining defendants.

## Background

Plaintiff Derick Wewerka is a prisoner currently incarcerated within the Missouri Department of Corrections. His § 1983 complaint alleges defendants violated several of his civil rights during his imprisonment at the Potosi Correctional Center. Specifically, Wewerka's claims arise from several different incidents, including:

- Leonard West, a correctional officer at Potosi, allegedly sexually assaulted Wewerka in June of 2008 after Wewerka refused to "fight another inmate" for West.

- Two Correctional Medical Services nurses, defendants Lisa Roberts and Sandra Beedle, allegedly used force to medicate him without his consent in July of 2009 and then punished him for his refusal by putting him in the "hole." Wewerka also claims that he filed a grievance against Roberts and Beedle, but defendant Omer Clark, Assistant Warden at the Missouri Department of Corrections Southeast Correctional Center, dismissed his grievance without properly investigating it.

- Defendant, Barbara Delashmit, a correctional officer at Potosi, allegedly refused to call medical treatment for Wewerka after he had a seizure on September 22, 2009.

- Defendant Dale Persch, an investigator at the Missouri Department of Corrections, allegedly tried to persuade Wewerka not to file a grievance based on his allegations that two fellow inmates raped him.

- Defendant Brian Martin, a correctional officer at Potosi, is alleged to have sexually assaulted Wewerka in October of 2009, and to have retaliated against Wewerka by placing him on "meal loaf status for 9 meals" after Wewerka filed a grievance against Martin based on the assault.

- Defendants Christy Huffman and Shannon Clubs, correctional officers at Potosi, allegedly used excessive force to restrain Wewerka, maced him while he was restrained, and wrongfully placed him in administrative segregation for "saying a cuss word."

- Defendants Karen Malloy, Functional Unit Manager of Housing Unit 2 at Potosi, and Don Roper, Warden at Potosi, allegedly knew about the unlawful and retaliatory actions by other defendants but failed to intervene or correct their behavior.

Defendants West, Clark, Delashmit, Persch, Martin, Huffman, Clubs, Malloy, and Roper have moved to dismiss or, in the alternative, for summary

judgment on these claims, contending that Wewerka failed to exhaust his available administrative remedies at Potosi. In support of their motion, they have adduced evidence of Potosi's grievance process for inmate complaints, and of Wewerka's failure to follow that process. This uncontroverted evidence reveals that the Missouri Department of Corrections, including the Potosi Correctional Center, provides inmates with an administrative grievance process for their complaints. To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the response to his IRR, he can file an Offender Grievance within seven working days of receiving the response. If the inmate is dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file timely appeal will result in the appeal being considered abandoned. Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted.

Additionally, the uncontroverted evidence reveals that Wewerka never filed an IRR, a Grievance, or a Grievance Appeal for the alleged incidents involving defendants Huffmann, Clubbs, Clark, Malloy, or Roper. There is also undisputed evidence that Wewerka filed IRRs against defendants Delashmit, Perch, and Martin, but he did not exhaust those remedies before filing this lawsuit in November of 2009. In particular, Wewerka filed his IRR against Delashmit on

September 30, 2009, but he did not exhaust his Grievance Appeal until March of 2010. Similarly, Wewerka filed separate IRRs against Perch and Martin in October of 2009, but the Grievance Appeals for these claims were not exhausted until March of 2010. Wewerka filed an IRR against West for allegedly sexually assaulting him in July of 2008, but he withdrew it in August of 2008. In December of 2008, Wewerka filed another IRR against West based on the same conduct, but because it was duplicative of the one he had filed in August and was filed outside the fifteen-day deadline for filing an IRR, it was rejected. Wewerka filed a Grievance and Grievance Appeal, but both were rejected because of the untimeliness of his second IRR.

Wewerka filed his *pro se* complaint in November of 2009, seeking leave under 28 U.S.C. § 1915(b)(1) to commence his action without payment of the required filing fee. Judge Sippel, who was then presiding over the case, granted that motion in March of 2010, requiring Wewerka to pay an initial filing fee of $1.64. Wewerka has never paid that fee. Additionally, as is outlined above, several defendants have moved to dismiss the case or alternatively for summary judgment based on Wewerka's failure to exhaust. On June 29, 2010, Judge Sippel ordered Wewerka to show cause in writing why his claims against these defendants should not be dismissed for failure to exhaust administrative remedies. Wewerka has responded to that Order with several filings, including motions for

leave to amend his complaint and for an extension of time to file a response or reply to defendants' motions. The case was then reassigned to me.

## Discussion

I note initially that Wewerka's failure to pay his initial filing fee as ordered in Judge Sippel's March 2010 Order amounts to a failure to prosecute this case under Fed. R. Civ. P. 41(b), and so I may dismiss this action without prejudice under that Rule. Alternatively, I conclude that the record before me conclusively reveals that Wewerka failed to exhaust all available administrative remedies, and so I will also dismiss this action without prejudice for his failure to exhaust.

### I. Failure to Exhaust Available Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statute requires the dismissal of any of Wewerka's claims as to which he has not exhausted his available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (internal citation omitted); *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

**A. Defendants Huffman, Clubs, Clark, Malloy, and Roper**

Defendants Huffman, Clubs, Clark, Malloy, and Roper first move to dismiss Wewerka's claims, presenting uncontroverted evidence that Wewerka never filed an IRR, Grievance, or Grievance Appeal against them based on their alleged unlawful conduct. Specifically, as described above, they present evidence that the prison grievance process requires an inmate to file (1) an IRR within fifteen days of the alleged incident; (2) an Offender Grievance if he is dissatisfied with the resolution of his IRR; and (3) a Grievance Appeal if he is still dissatisfied. In addition, defendants present evidence that Wewerka failed to follow any of these steps. Wewerka himself concedes this fact in his filings with the Court. Thus, because the uncontroverted evidence reveals that Wewerka did not exhaust his administrative remedies with respect to his claims against these defendants, they are entitled to judgment on Wewerka's complaint and will be dismissed. *See* 42 U.S.C. § 1997e(a); *Gibson*, 431 F.3d at 341.[1]

**B. Defendants Delashmit, Martin, and Persch**

Next, defendants Delashmit, Martin, and Persch move to dismiss Wewerka's claims against them, adducing evidence that Wewerka did not

---

[1]This is true even if Wewerka believed he did not need to follow the grievance process with respect to his claims against defendants Roper and Malloy, because "[a]n inmate's subjective believe that the procedures were not applicable" to his grievances "'does not matter' and is not determinative." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)).

completely exhaust his claims against them before filing this lawsuit. Within the Eighth Circuit, it is well established that a district court must dismiss an inmate's § 1983 complaint if the inmate has not completely exhausted his available administrative remedies before filing suit, even if he later exhausts remedies during the pendency of the lawsuit. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory."). As is outlined above, although Wewerka eventually exhausted his grievances against these defendants in March of 2010, he had not exhausted them at the time he filed his complaint in November of 2009, and so I must dismiss these defendants. *See id.*

**C. Defendant West**

Defendant West moves to dismiss Wewerka's claims, asserting Wewerka failed to properly exhaust his available remedies. The uncontroverted evidence reveals that Wewerka filed an initial IRR against West in July of 2008, but withdrew that IRR in August of 2008. Wewerka filed a new IRR based on the same alleged conduct in December of 2008, but the second IRR was dismissed as untimely for being filed more than fifteen days after the date of the alleged

incident giving rise to the IRR, and because Wewerka had abandoned his first IRR. Wewerka then filed an Offender Grievance and a Grievance Appeal, but both were dismissed for the same reasons. When faced with a similar factual scenario as this one, the Supreme Court declared that the "PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Specifically, the plaintiff in *Woodford*, an inmate within the California Department of Corrections, filed an inmate grievance six months after the date of the action being challenged. *See id.* at 86-87. However, because inmates were required to file an initial informal grievance within fifteen working days of any action being challenged, that grievance was rejected. *Id.* at 87. After the plaintiff "appealed that decision internally without success," he filed a § 1983 claim in federal district court, but the court granted defendants' motion to dismiss because of the plaintiff's failure to exhaust available remedies. *Id.* The Ninth Circuit reversed, but the Supreme Court concluded that the PLRA's exhaustion requirement requires "proper exhaustion": inmates must follow all applicable prison procedural rules when completing the prison administrative review process as a precondition to filing suit in federal court. *See id.* at 87-88, 93.

After reviewing all of the undisputed evidence, I conclude that Wewerka did not properly exhaust his administrative remedies before filing suit on his claim against West. Although he timely filed an initial IRR, he abandoned that IRR and

did not exhaust available remedies on that claim, including filing an Offender Grievance and a Grievance Appeal. Additionally, he failed to follow proper prison procedures when filing his second IRR based on the same conduct, filing it more than six months after alleged incident and well outside the fifteen-day deadline for doing so. Wewerka's failure to follow proper procedures when filing his grievances against West results in improper exhaustion of his administrative remedies. Accordingly, I must dismiss his claims against West. *See id.* at 93; *see also Mason v. Bridger*, 261 Fed. Appx. 225, 227-29 (11th Cir. 2008) (inmate failed to properly exhaust available administrative remedies, requiring dismissal of his claims, when he filed his grievances outside the deadline, failed to request permission to file late, and failed to appeal the denial of his grievances).

### D. Defendants Beedle and Roberts

In addition, although defendants Beedle and Roberts have not yet moved to dismiss Wewerka's complaint, I conclude that I must dismiss Wewerka's claims against these defendants as well. Wewerka sought and was given leave under 28 U.S.C. § 1915 to file this complaint without payment of a filing fee. 28 U.S.C. § 1915(e)(2) provides that I may dismiss his complaint "at any time" if I determine that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. After reviewing Wewerka's complaint, I conclude that he fails to state a

claim against these defendants, because he failed to exhaust available remedies against them. Specifically, he alleges that he filed a "grievance" against Beedle and Roberts, but that Clark reviewed it and dismissed it. However, Wewerka does not allege that he appealed that grievance or took any other actions to exhaust his available remedies. Because his complaint reveals that he failed to exhaust remedies, I conclude that he fails to state a claim against these defendants, and I will dismiss them as well.[2] *See* 28 U.S.C. § 1915(e)(2); *see also Nash v. Lappin*, 172 Fed. Appx. 702, 703 (8th Cir. 2006) (affirming district court's preservice dismissal of plaintiff's complaint under § 1983, because "[w]hile the exhaustion requirement is an affirmative defense that a defendant must plead and prove, . . . it is clear from the dates of the alleged incidents that Nash could not have administratively exhausted all of his claims when he filed the lawsuit"); *cf. Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run.").

---

[2]Indeed, Wewerka's proposed amended complaint omits any allegations with respect to these defendants, so I question whether he intends to proceed on his claims against them. In any event, his initial complaint fails to state a claim against them, so they must be dismissed.

### E. Administrative Remedies Were Available

Finally, I note that Wewerka's failure to properly exhaust his remedies is not excused by his allegations that he cannot read or write, has a an IQ of 70 or below, and is a "special needs" offender. Within the Eighth Circuit, inmates are only excused from complying with an institution's grievance procedures when (1) prison officials have prevented them from utilizing prison grievance procedures; or (2) when officials themselves have failed to comply with the procedures. *See Gibson*, 431 F.3d at 341. "A plaintiff must present some evidence, other than mere conclusory statements to demonstrate that he was precluded from fully exhausting his administrative remedies." *Hahn v. Armstrong*, No. 1:08CV169 LMB, 2010 WL 575748, at *4 (E.D. Mo. Feb. 11, 2010) (citing *Gibson*, 431 F.3d at 341). Here, Wewerka does not argue that defendants themselves have failed to comply with the applicable grievance procedures, but instead seems to argue that defendants have prevented him from complying with the grievance process, because they created a process requiring inmates to read and write, and his alleged disabilities prevent him from doing so. However, Wewerka does not support these conclusory assertions with any evidence, and the only evidence before me belies his claims. Specifically, even if Wewerka has difficulty with the grievance process, the undisputed evidence shows that he has filed several IRRs, Offender Grievances, and Offender Appeals; and, thus, that the process is "available" to

him.  Accordingly, I cannot excuse his failure to follow applicable grievance procedures.  *See Gibson*, 431 F.3d at 341.

## II.  Leave to Amend

Wewerka has also moved to amend his complaint.  Although leave to amend should be freely granted, amendment may be denied when futile.  *See Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003).   I have reviewed Wewerka's proposed amended complaint, and I conclude that his motion must be denied, because the proposed complaint does not cure the deficiencies of his first complaint.  Specifically, although Wewerka alleges in detail the grievance process he did or did not follow with respect to each defendant, except Beedle and Roberts, his proposed complaint still contains allegations revealing that (1) Wewerka failed to file any IRR or Grievance against defendants Huffman, Clubs, Clark, Malloy, and Roper; (2) Wewerka did not exhaust available remedies before filing suit against defendants Delashmit, Martin, and Perch; and (3) Wewerka failed to follow the proper procedures when filing Grievances against defendant West.  All other pending motions will be denied as moot because this case is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions [## 28, 35] to dismiss are granted, and this case is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint [#51] is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

A separate Judgment in accordance with this Memorandum and Opinion is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2010.